IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN H. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV-99-TMP-1351-S |
| THE CITY OF ALABASTER, et al., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This cause is before the court on the motion for summary judgment filed by the defendants, The City of Alabaster and Kevin Papp, on February 8, 2000. This matter has been fully briefed, and the court has considered the evidence and arguments set forth by both parties. The parties have consented to the exercise of jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636(c).

### I. FACTS

Plaintiff John Williams brought this action pursuant to 42 U.S.C. § 1983, and asserting state law tort claims of malicious prosecution, false arrest and false imprisonment, negligent and wanton training and supervision, fraud, and conspiracy against defendants Kevin Papp, Coleman White, and the City of Alabaster.

Williams' claims all arise from his arrest on August 20, 1998. Papp and other Alabaster police officers were conducting a roadblock, or drivers' license checkpoint, and Williams was stopped

and asked for his license. Williams had been drinking beer earlier in the evening and had an open beer can in the cupholder of his dashboard.[1]  Williams told Papp that he had drunk a beer.  Papp conducted a field sobriety test on Williams and determined that Williams was "borderline."  The officers saw the beer can in plain view in the vehicle, placed Williams under arrest for violation of Alabaster's "Ordinance 82" and told him that he had violated the city's open container law.

Williams was taken to the jail, and his vehicle was impounded. He was allowed to call his father, who drove to the Alabaster City Jail and posted Williams' bond.  Williams was then told that he would be required to stay in jail for four hours, even though bond had been posted.  Williams was released approximately four hours later.  At trial, the city dismissed the charge after Williams asked the city prosecutor to show him the ordinance he was charged with violating.

---

[1] The plaintiff makes much of the fact that Papp indicated that the beer can was "between the front seats" of his vehicle, while plaintiff alleges that the beer can was in the cupholder, which adjoins the dashboard.  The court sees this discrepancy as merely a trivial dispute over an immaterial detail, since plaintiff does not dispute that he had an open beer can in the passenger compartment and in full view of the officers.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether

4

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  DISCUSSION

It is clear that the plaintiff initially brought this lawsuit based on his contention that Ordinance 82 was not a valid ordinance in effect in Alabaster at the time of his arrest and that no then-existing ordinance prohibited the plaintiff from possessing an open beer can in his car.  The evidence put forth from the defendant has shown, and the plaintiff now agrees, that the ordinance referred to as Ordinance 82 is a valid city ordinance that has been codified as Section 6-5 of the city's official code.  Plaintiff no longer argues that the ordinance is not valid, but makes some attempt at asserting that the ordinance does not prohibit the conduct of possessing an open beer can in a vehicle on a city street.  The ordinance states, in pertinent part:

> It shall be unlawful for any person to drink or have in open or unconcealed possession, or custody, for drinking, selling, serving, dispensing or giving away; or attempting to drink, sell, serve, dispense, or give away, any liquor, wine or malt brewed beverages, while upon any street, avenue or alley ... or in any vehicle which is being operated or parked on any public street or highway within the city.

Pursuant to a joint stipulation of dismissal, all of plaintiff's claims against defendant Coleman White were dismissed by order dated February 15, 2000.  Consequently, the motion for summary judgment addresses only claims against Papp and Alabaster.

In responses to the motion for summary judgment, however, the plaintiff has consented to the entry of judgment in favor of the defendants on the plaintiff's conspiracy and malicious prosecution claims.[2] Plaintiff further has clarified that he does not oppose the entry of judgment in favor of Papp, and proceeds only with the following claims against Alabaster: (1) claims based on § 1983, (2) state law claims of false arrest and false imprisonment, and (3) claims of negligence and wantonness. Accordingly, the court considers these remaining claims in turn.

### A.   § 1983 Claims

It is well-settled that a municipality cannot be liable for a constitutional tort under § 1983 unless the deprivation of the constitutional right occurred as a result of an official policy or custom of the governmental body. See Monell v. Department of Social Servs. Of New York, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Moreover, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Id. at 691. The Eleventh Circuit Court of Appeals has further determined

---

[2] The plaintiff's response consents to judgment on conspiracy and malicious prosecution, but states that those claims are set forth in counts three and six. The conspiracy claim is set forth as count six of the complaint, but the malicious prosecution claim is numbered as count one. Consequently, the court assumes that the plaintiff intended to consent to the dismissal of claims one and six of the complaint.

that a municipality may be liable under § 1983 for the actions of a police officer only when the city's "official policy" caused the violation. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). In addition, an allegation of failure to train or supervise can provide the basis for a municipality's liability under § 1983 only when (1) the city inadequately trains or supervises, (2) the failure to train or supervise is a city policy, and (3) that policy caused the officer to violate the plaintiff's constitutional rights. Id.

The plaintiff has conceded that his § 1983 claim must fail absent proof that there exists a custom or policy of Alabaster that caused the deprivation of a constitutional right. The court first examines the ordinance at issue to determine whether the code section does prohibit the possession of an "open container" in a vehicle on Alabaster streets. The ordinance prohibits any person from having "in open or unconcealed possession ... any liquor, wine or malt brewed beverages, while upon any street ...." It takes little analysis to determine that in the instant case, there was, at the least, probable cause to believe that Williams was in violation of the section.

Williams admits he had an open container of beer in the cupholder of his pickup truck, in plain view of the officers. Consequently, the officer had probable cause to arrest Williams, and there is no merit to his assertion that the arrest constituted

a violation of his civil rights.  Thus, the only conduct that the plaintiff identifies as a violation of § 1983 is one officer's refusal to let Williams out of jail until he had served four hours in jail.  Williams has not named the officer who served as the jailer on that night as a defendant in this action, but seeks relief only against the city.

In order to survive summary judgment on this claim, the plaintiff must have come forward with evidence to show that the city had a policy of keeping arrestees charged with violating the open container law in jail for four hours, regardless of their sobriety and whether or not bail had been posted, and that this official policy caused the officer to detain Williams after he posted bond.  It is here that plaintiff has failed to offer evidence to support his claim.

Plaintiff has testified that he was told by the officer supervising the jail on the night of his arrest that he would be required to serve four hours; however, there is no evidence that the city had a policy of requiring "open container" arrestees to serve four hours in jail.  Rather, the evidence indicates that the officer's statement was the exercise of discretion on the part of that one officer.

The chief of police testified that there was no policy requiring a four-hour detention of those arrested for violation of Ordinance 82.  The chief explained that after bond is posted and

9

the arrested person is processed, he generally is subject to release. The chief noted, however, that persons who are intoxicated are not immediately released. Papp also testified that it was his understanding that the policy would require that Williams be released upon posting bail. The mere fact that Williams was told he would have to serve four hours is not sufficient to establish that the City of Alabaster had a policy or custom of detaining persons arrested for violations of the open container law past the time when bail was posted. For this reason, defendants' motion for summary judgment on the plaintiff's claim based on § 1983 is due to be granted and Count Four of the complaint is due to be dismissed.

### B.  False Arrest and False Imprisonment

It is clear from a reading of the complaint and from the plaintiff's deposition that this lawsuit arose from the plaintiff's incorrect belief that he was arrested and charged with violation of a non-existent ordinance. In his deposition, Williams conceded that if such an ordinance was in effect when he was arrested, that he would have filed this complaint in error. However, when faced with facts that show that Ordinance 82 is in effect and does prohibit the possession of an open beer can in a vehicle on an Alabaster roadway, Williams has chosen not to dismiss his claims,

but rather to attempt to shift the focus of his claim from his arrest to his brief incarceration. In short, the court sees no grounds for plaintiff's false arrest claim, because Officer Papp clearly had probable cause to arrest Williams. Similarly, Papp had probable cause to place Williams in jail. Finally, absent any testimony regarding the jailer's assessment of Williams at the time of his incarceration, the court must find that in light of the nature of the arrest and the "borderline" assessment of Williams' sobriety, that the jailer had probable cause to hold Williams in the jail for four hours. Consequently, the claims for false arrest and false imprisonment are without merit and are due to be dismissed.

### C.  **Negligence and Wantonness**

The plaintiff has alleged that Alabaster negligently and/or wantonly trained and supervised Papp and White. Again, this count is premised on the assumption that Papp arrested Williams without probable cause and that White held Williams in jail after an illegal arrest. These allegations have not been shown to be the facts. In any event, however, the plaintiff has failed to come forward with any evidence that demonstrates that either Papp or Williams was in any way improperly or negligently trained to perform their jobs as police officers for the city of Alabaster.

The defendants, on the other hand, have offered evidence that the officers were adequately trained and supervised. As a result, the defendants' motion for summary judgment on the negligent/wanton training and supervision claim is due to be granted.

## IV.  CONCLUSION

Based on the foregoing undisputed facts and legal conclusions, the court determines that the motion for summary judgment filed by the defendants is due to be granted and this action dismissed with prejudice. A separate order will be entered in accordance with the findings set forth herein.

DATED this 17th day of August, 2000.

_____
T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE